UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23935-BLOOM/Louis

JOSE ACEITUNO,

    Plaintiff,

v.

CARNIVAL CORPORATION, *et al.*,

    Defendants.
_____/

## ORDER ON AMENDED MOTION FOR LEAVE TO AMEND COMPLAINT

**THIS CAUSE** is before the Court upon Plaintiff's Amended Motion for Leave to Amend Complaint, ECF No. [19] ("Motion"), filed on April 6, 2021. The Court has reviewed the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted.

**I.    BACKGROUND**

On September 25, 2020, Plaintiff initiated this action against Carnival Corporation ("Carnival"), along with Doctor Doe(s) and Nurse Doe(s) (collectively, "Medical Defendants"), stemming from injuries Plaintiff sustained on September 29, 2019 while onboard Defendant's vessel, the *Carnival Liberty*. *See* ECF No. [1] ("Complaint"). Plaintiff filed a four-count Complaint alleging negligence against Carnival (Count I); negligence against Carnival under a theory of vicarious liability for the acts of the Medical Defendants (Count II); negligence against Doctor Doe(s) (Count III); and negligence against Nurse Doe(s) (Count IV). *See id.*

On November 6, 2020, the Court entered a Scheduling Order, ECF No. [7], setting January 5, 2021 as the deadline for the parties to move for leave to amend the pleadings or join parties. Plaintiff now moves for leave to amend the Complaint to substitute the legal names of the Medical

Defendants who treated Plaintiff onboard the *Carnival Liberty*. Plaintiff explains that he did not learn the names of the Medical Defendants until Carnival served its Answers to Plaintiff's First Set of Interrogatories on February 3, 2021. Carnival has had the opportunity to respond to the Motion but has failed to do so. Accordingly, the Motion is ripe for review.

## II.     LEGAL STANDARD

Generally, Rule 15 of the Federal Rules of Civil Procedure governs amendment to pleadings. Apart from initial amendments permissible as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). A plaintiff should be afforded the opportunity to test their claim on the merits as long as the underlying facts or circumstances may properly warrant relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, "[a] district court need not . . . allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). "In this circuit, these 'same standards apply when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed. R. Civ. P. 59(e).'" *Spanish Broad. Sys. of Fla., Inc. v. Clear Channel Commc'ns, Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004) (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)). In any event, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman*, 371 U.S. at 182.

Further, the Court of Appeals for the Eleventh Circuit has explained that, "when a motion to amend is filed after a scheduling order deadline, Rule 16 is the proper guide for determining whether a party's delay may be excused." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 n.2,

1419 (11th Cir. 1998). Federal Rule of Civil Procedure 16 states that requests for leave to amend after the applicable deadline, as set in a court's scheduling order, require a showing of "good cause." Fed. R. Civ. P. 16(b)(4). "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa*, 133 F.3d at 1418 (quotation marks omitted); *see also Smith v. Sch. Bd. of Orange Cnty.*, 487 F.3d 1361, 1366-67 (11th Cir. 2007) (holding that "where a party files an untimely motion to amend, [courts] must first determine whether the party complied with Rule 16(b)'s good cause requirement," before considering whether "justice so requires" allowing amendment). Additionally, a lack of diligence "is not limited to 'a plaintiff who has full knowledge of the information with which it seeks to amend its complaint before the deadline passes' but also includes 'a plaintiff's failure to seek the information it needs to determine whether an amendment is in order.'" *De Varona v. Disc. Auto Parts, LLC*, 285 F.R.D. 671, 673 (S.D. Fla. 2012) (quoting *S. Grouts & Mortars, Inc. v. 3M Co.*, 575 F.3d 1235, 1241 n.3 (11th Cir. 2009)). If the party seeking relief "was not diligent, the [good cause] inquiry should end." *Sosa*, 133 F.3d at 1418 (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992)).

Thus, when a motion for leave to amend a pleading is filed after the deadline set in a court's scheduling order, the court employs a two-step analysis. *Sosa*, 133 F.3d at 1419. First, the movant must demonstrate good cause under Rule 16(b). Good cause exists when "evidence supporting the proposed amendment would not have been discovered in the exercise of reasonable diligence until after the amendment deadline passed." *Donahay v. Palm Beach Tours & Transp., Inc.*, 243 F.R.D. 697, 699 (S.D. Fla. 2007) (citation omitted). "[E]ven if the opposing party would not be prejudiced by the modification of a scheduling order, good cause is not shown if the amendment could have been timely made." *Id.* In this regard, a court's "evaluation of good cause [under Rule 16] is more stringent than its inquiry into the propriety of amendment under the more liberal Rule 15." *Id.*

(citing *Sosa*, 133 F.3d at 1418). Accordingly, "the likelihood of obtaining permission to amend diminishes drastically after the court enters a scheduling order with deadlines for amendments that have expired." *Id.*

Courts consider three factors in assessing diligence: (1) whether the movant failed to ascertain facts prior to filing the pleading or failed to acquire information during the discovery period; (2) whether the information supporting the proposed amendment was available to the movant; and (3) whether the movant delayed in requesting leave to amend even after acquiring the information. *See Sosa*, 133 F.3d at 1419.

Regarding the second step of the analysis if the movant demonstrates good cause, the court must determine whether an amendment to the pleadings is proper under Rule 15(a) of the Federal Rules of Civil Procedure. *Id.*

Through this lens, the Court addresses the instant Motion.

### III.   DISCUSSION

As an initial matter, the Court highlights that the Federal Rules of Civil Procedure do not permit fictitious party practice. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"); *see also Williams v. DeKalb Cnty. Jail*, 638 F. App'x 976 (11th Cir. 2016) ("[G]enerally, parties are not allowed to plead fictitious parties in federal court." (citing *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010))); *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094 n.1 (11th Cir. 1997) ("[F]ictitious party practice is not permitted in federal court and, thus, [plaintiff's] failure to name the parties required that the court strike the parties[.]"). Thus, the Court views Plaintiff's proposed amendment as an attempt to add *new* parties to the action, rather than a mere attempt to substitute the "placeholder" Medical Defendants. *See, e.g.*, *Rommell v. Automobile Racing Club of Am., Inc.*, 964 F.2d 1090, 1098 n.14 (11th Cir. 1992). Stated differently, Plaintiff's proposed amendment is not exempt from the application of the

4

Court's January 5, 2021 deadline to amend the pleadings, or the standard provided in Rule 16.

Evaluating the instant Motion, the Court finds that good cause exists to permit leave to amend. First, Plaintiff explains that he was unable to meet the Court's January 5, 2021 deadline because he agreed to provide Carnival with "an extension to respond to all of Plaintiff's propounded discovery" by February 3, 2021, ECF No. [19] ¶¶ 5-6.[1] While Plaintiff certainly did not rush to the courthouse upon learning the legal names of the Medical Defendants, the Court is reluctant to find that leave to amend shall not be permitted. Indeed, from the outset of this litigation, Plaintiff advised both the Court and Carnival that he intended to acquire the legal names of the Medical Defendants and include them as parties.[2] Additionally, there is no indication that Carnival, who has failed to respond to the Motion, would be prejudiced in any way by the proposed amendment. Specifically, the amendment will likely not result in additional discovery by way of the vicarious liability claim asserted against Carnival for the acts of the Medical Defendants. *See* ECF No. [1] ¶¶ 18-27. To the extent it will require additional investigation, the discovery deadline is not due to expire until July 27, 2021. *See* ECF No. [7]. Accordingly, amendment is warranted.

## IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion, **ECF No. [19]**, is **GRANTED**.

---

[1] Plaintiff's First Set of Interrogatories were propounded and served on Carnival on December 1, 2020, setting a January 4, 2021 deadline for Carnival to serve its responses. *See* ECF No. [19] ¶ 4.

[2] ECF No. [1] ¶ 3 ("The legal name(s) and identity(ies) of DOCTOR DOE(S) are presently unknown to the Plaintiff but will be revealed through discovery. Upon discovery of the legal name(s) and identity(ies) of DOCTOR DOE(S), the Plaintiff will amend the Complaint to substitute the legal name(s) of the individual ship's doctor(s) who saw, examined, treated and/or were consulted concerning the medical condition of Plaintiff while aboard the Carnival Victory, for DOCTOR DOE(S)."); *see also id.* ¶ 4 ("The legal name(s) and identity(ies) of NURSE DOE(S) are presently unknown to the Plaintiff but will be revealed through discovery. Upon discovery of the legal name(s) and identity(ies) of NURSE DOE(S), the Plaintiff will amend the Complaint to substitute the legal name(s) of the individual ship's nurse(s) who saw, examined, treated and/or were consulted concerning the medical condition of Plaintiff while aboard the Carnival Victory, for NURSE DOE(S).").

Case No. 20-cv-23935-BLOOM/Louis

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 26, 2021.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record